UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN GOODEILL on behalf of Minor A.M.F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:21-cv-00242-CDB (SS) <br><br> ORDER ON STIPULATION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) <br><br> (Doc. 35) |

Pending before the Court is the stipulated request of Plaintiff Megan Goodeill, on behalf of minor A.M.F. ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] (Doc. 35). Plaintiff requests an award of attorney's fees in the amount of $7,000 to counsel for Plaintiff, Jonathan O. Pena. *Id*.

On December 29, 2023, the Court issued an order granting Plaintiff's motion for summary judgment and remanding this action for further proceedings under sentence four 42 U.S.C. § 405(g). (Doc. 33). The Court held the Administrative Law Judge erred by failing to properly consider and provide germane reasons for discounting the opinions of Plaintiff's teachers. *Id*. That same day, judgment was entered in favor of Plaintiff against Defendant. (Doc. 34).

On March 18, 2024, Plaintiff filed the pending, stipulated motion for attorney fees pursuant

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 15).

1


Case 1:21-cv-00242-CDB   Document 36   Filed 03/19/24   Page 2 of 3

to EAJA requesting an award of $7,000.00. (Doc. 35). In the parties' stipulated request, Plaintiff requests an award of attorney fees as the prevailing party. *Id.*; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. To be "substantially justified," the government's litigation position and the underlying agency action must have a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc). A determination that an ALJ's decision "was unsupported by substantial evidence is therefore a strong indication that the 'position of the United States'…was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Because "substantial evidence" is a "deferential…standard of review" and refers to "such relevant evidence as a reasonable person might accept as adequate to support a conclusion," a finding that substantial evidence is lacking usually means "the government's underlying action was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Here, the Court determined the ALJ's decision was not supported by substantial evidence. (Doc. 33 at 18). Moreover, the Commissioner has stipulated to Plaintiff's request. (Doc. 35). Accordingly, Plaintiff is eligible for EAJA fees.

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly rate for 2023


($244.78),[2] the requested award would amount to approximately 28 hours of attorney time (not accounting for any paralegal time expended). The Court has reviewed the docket and finds this reasonable and commensurate with the number of hours an attorney reasonably would need to have spent reviewing the certified administrative record in this case (898 pages) and preparing a motion for summary judgment. (Docs. 18, 27). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Doc. 34).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for the award of attorney's fees pursuant to EAJA (Doc. 35) is GRANTED; and

2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $7,000.00. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O. Pena in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:   **March 18, 2024**               _____
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 18, 2024).